**Ke Jin CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General for the United States, Respondent.**

**No. 04–2528–AG.**

United States Court of Appeals, Second Circuit.

Jan. 23, 2006.

Karen Jaffe, New York, New York, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, Carrie E. Hamilton, Edmond Chang, Carole J. Ryczek, Assistant United States Attorneys, Chicago, Illinois, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Ke Jin Chen, through counsel, petitions for review of the BIA decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed that decision without opinion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We assume the parties' familiarity with the underlying facts and procedural history.

The IJ denied Chen's asylum claim because he did not file his application within one year of entry in the United States and did not prove that extraordinary circumstances prevented him from filing on time. Even assuming this Court has jurisdiction to review the IJ's finding that the asylum application was time-barred, see 8 U.S.C. § 1252(a)(2)(D), Chen does not challenge the one-year bar finding before this Court. Accordingly, Chen's claim is waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005). In any event, a review of the record fails to demonstrate "extraordinary circumstance" excusing petitioner's late filing. *See* 8 C.F.R. § 208.4(a)(5). Although the IJ also found that Chen was not credible, this Court will not address that finding in this case. The IJ clearly stated in his decision that the reason for denial of the asylum application was the one-year bar, and he addressed the merits of Chen's asylum claim only in the event that the one-year bar finding is overturned.

Chen's brief to this Court does not challenge the IJ's denial of his withholding of removal or CAT claims. Accordingly, those claims are waived because Chen failed to sufficiently raise them in his brief. *See Yueqing Zhang v. Gonzales,* 426 F.3d at 541 n. 1.

The brief filed by petitioner's counsel fails to comply with Federal Rule of Appellate Procedure 28(a), governing brief writing, in numerous respects. Counsel's statement of the case gives an over-simplified version of the facts. The summary of the argument section is longer than the actual argument section, and both sections make conclusory statements that the IJ erred in his decision. The brief does not mention the one-year bar finding in either the summary of argument or argument sections even though this was the IJ's basis for the denial of Chen's asylum claim. Because the brief also fails to challenge the IJ's denial of Chen's withholding of removal and CAT claims, all appealable issues are essentially waived.

Although our own review of the record indicates no support for Chen's petition, this Court notes that this is not the first case in which a brief by Ms. Jaffe has been inadequate. We have previously warned her that her continued failure to comply with the Federal rules of Appellate Procedure could result in discipline. *See* Fed. R.App. P. 46(b)-(c). We reiterate that warning here.

Nevertheless, even without regard to counsel's performance, the petition for review of the BIA decision is DENIED. Any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).